DAVIS, Judge
(dissenting):
T 28 I respectfully dissent from the majority's determination that there was sufficient evidence to support Miles's conviction for possession of a dangerous weapon by a restricted person and that the trial court's admission of the booking photograph was harmless. Accordingly, I would reverse Miles's conviction.
29 As the majority observes, four factors are relevant in determining whether a knife or other instrument is a dangerous weapon: "the character of the instrument"; "the character of the wound produced, if any"; "the manner in which the instrument ... was used"; and "the other lawful purposes for which the instrument ... may be used." Utah Code Ann. § 76-10-501(6)(b) (Lexis-Nexis 2012). Under the facts and circumstances of this case, I believe the evidence was insufficient to support a determination that Miles's pocket knife constituted a dangerous weapon.
T 80 The only evidence supporting the verdict is the fact that the knife was capable of inflicting serious and potentially deadly wounds, and Miles's alleged statement to the supervisor that "he had a knife and a gun" and would kill the supervisor if he did not back away. Although I agree with the majority that Miles's not having used the knife is not dispositive, I do believe it is relevant, particularly under the cireumstances of this case where Miles not only did not use the knife but also did not even access or attempt to access it.
181 The knife in this case was a small pocket knife with myriad lawful uses. Although it may have been "capable of causing death or serious bodily injury" if used unlawfully, see id. § 76-10-501(6)(a), the evidence does not support a determination that Miles actually used or intended to use the knife in such a way. The knife was inside a jacket pocket in Miles's shopping cart. Despite possibly threatening the supervisor, Miles *1169 never actually brandished the knife at him and never attempted to reach for it or take it out of the jacket. Furthermore, the supervisor's testimony was inconsistent with his written report, prepared when events were presumably fresher in his mind, which stated that Miles told him that he would kill him if he had a knife and a gun.[6] In fact, when the arresting officer found the knife, Miles told him he had forgotten he even had it, a statement consistent with the supervisor's written report. Finally, the jury acquitted Miles of the threat charge despite apparently employing the threat evidence to convict him of the dangerous weapon charge.[7]
{32 The majority places altogether too much emphasis on the nature of the knife and what injury it might have caused. The majority's analysis of the second statutory factor-"the character of the wound produced, if any," id. § 76-10-501(6)(b)M-is particularly troubling. If anything, this factor should weigh against classifying Miles's knife as a dangerous weapon because no wound was produced by the knife. However, rather than considering actual wounds produced, the majority evaluates the types of wounds the knife was capable of producing. Analyzing the second factor this way and considering it in conjunction with the first factor, which focuses on "the character of the instrument," id. § 76-10-501(6)(b)@M), essentially allows the jury to find two factors in support of classifying a knife as a dangerous weapon based solely on the fact that the instrument in question is a knife. This is inconsistent with the statute, which clearly allows for restricted persons to possess knives for lawful purposes and has even been amended to ensure that such possession is not unduly restricted. See supra ¶ 11 n. 3. Compare State v. Pugmire, 898 P.2d 271, 273-74 & n. 5 (Utah Ct.App.1995), and State v. Archambeau, 820 P.2d 920, 929 (Utah Ct. App.1991), with Act of March 9, 1995, ch. 80, § 1, 1995 Utah Laws 825 (adding "knife" to the list of items "not commonly known as a dangerous weapon" and directing consideration of "the other lawful purposes for which the instrument, object, or thing may be used" in the determination of whether such an instrument might constitute a dangerous weapon). To approach the dangerous weapon analysis as the majority has in this case is to essentially preclude any restricted person from carrying anything sharper than a butter knife. I do not disagree that the evidence regarding the types of wounds the knife is capable of inflicting may be relevant, but I would consider such evidence to fall within the ambit of the first factor, not the second. The second factor should be limited to considering only the wounds actually produced, "if any." See Utah Code Ann. § 76-10-501(6)(b)@).
T 33 In light of the fact that Miles neither used nor attempted to use the knife, that no wound was caused by the knife, and that the knife was "well suited for camping and other innocent uses," see supra 120, I do not find the evidence that the knife was sharp, serrated, and capable of causing injury, combined with Miles's empty threats to the supervisor, to sufficiently support a determination that the knife was a dangerous weapon. Thus, I would reverse Miles's conviction.
1 34 I also do not think the booking photograph should have been admitted. Miles's argument focuses primarily on the relevance of the photograph under rules 401 and 402 of the Utah Rules of Evidence, rather than weighing its probative value against its prejudicial effect under rule 408. See Utah R. Evid. 401, 402, 403. However, even assuming that the photograph was marginally relevant to the charges of which he was aequit-ted, as the City asserts, I believe that under the cireumstances of this case, that relevance was outweighed by the photograph's potential prejudice. Given the extremely limited *1170 evidence relating to the dangerous weapon charge-evidence which I consider to be insufficient to support the verdict-I am persuaded that there was a "reasonable likelihood of a more favorable result" for Miles had the booking photograph been excluded.[8] See State v. Knight, 734 P.2d 913, 919 (Utah 1987) (citation and internal quotation marks omitted).

. Nevertheless, taking the facts in the light most favorable to the jury's verdict, see State v. Shumway, 2002 UT 124, ¶ 15, 63 P.3d 94, I must assume Miles told the supervisor that he actually had a knife.

. 1 acknowledge that Miles's acquittal alone does not undermine the validity of his conviction, see generally United States v. Powell, 469 U.S. 57, 64-66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (explaining that inconsistent verdicts on multiple charges do not justify reversal), but it does underscore the weakness of the threat evidence.

. The majority asserts that the jury's acquittal of Miles on the other charges suggests that the photograph did not rouse them to overmastering hostility. See supra 126. However, I believe such hostility could be evidenced by the jury's decision to convict him of one of the charges despite the evidence being insufficient to convince it that he was actually guilty of any of the charges.